# DIRECTORY OF EVIDENCE DOCUMENTS

FILED

2017 SEP 22  PM 3 37

U.S. DISTRICT COURT
NEW HAVEN, CT.

for the purpose of

## Civil Case, Number 3:17-CV-00975-JBA

## regarding the parties, Paul L Hallingby vs Andreas Gerber

concerning stolen Ferrari 250 GT, Spider, Pinin Farina, Cabriolet, Series 1, 1957/58,
VIN 0799GT

submitted to

**United States District Court, District of Connecticut**, to the Clerk's Office, Richard C. Lee
U. S. Courthouse, 141 Church Street, New Haven, CT 06510, USA

and sent to

**Attorney Jonathan M. Freimann** (representing the plaintiff), Wiggin & Dana, 265 Church
Street, P.O. Box 1832, New Haven, CT 06508-1832, USA

by

**Dr. Andreas Gerber,** Bassbeltweg 26, CH-2542 Pieterlen, Switzerland

Pieterlen, Switzerland, September 20, 2017

| | | |
|---|---|---|
| 1. | Notice of pro se appearance, dated on September 18, 2017 (and already filed on September 18, 2017) | **Exhibit 60** |
| 2. | Motion of Dr. Andreas Gerber, filed on September 18, 2017 (corrected version) | **Exhibit 61** |
| 3. | Proof-of-delivery, FedEx, regarding the delivery of Dr. Andreas Gerber's motion of September 18, 2017, to the court on September 19, 2017 | **Exhibit 62** |

4. Email, Attorney Oliver Weber / Attorney Jonathan Freiman,
   September 18, 2017                                                    **Exhibit 63**

5. Letter of Attorney Oliver Weber / Attorney Georg Friedli, August 14,
   2017 (original German version, including English translation)         **Exhibit 64**

| Exhibit | 60 |

UNITED STATES DISTRICT COURT
District of Connecticut

*Paul L. Hallingby*
_____
Plaintiff

v.

*Andreas A. Gerber*
_____
Defendant

Case No. *3:17-cv-00975-JBA*

### NOTICE OF PRO SE APPEARANCE

To: The clerk of court and all parties of record, I am representing myself in the matter above.

*Sept. 18, 2017*
_____
Date

_____
Filer's signature

*Andreas A. Gerber*
_____
Printed name

*Bassbeltweg 26*
_____
Address

*CH-2542   Pieterlen*
*Switzerland*
_____
City, State, Zip Code

*+ 4177423'03'20*
_____
Telephone number

### CERTIFICATE OF SERVICE

I hereby certify that on *Sept. 18, 2017*, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to [Below list the names and addresses of anyone unable to accept electronic filing] as indicate on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

List here: *Andreas Gerber*
*Bassbeltweg 26*
*CH-2542 Pieterlen*
*Switzerland*
   *↳ I am unable to accept electronic filing and to file electronicly*

Rev. 8/11/15

_____
Filer's signature

| Exhibit | 61 |
| --- | --- |

# EMERGENCY MOTION FOR EXTENSION OF TIME TO STRIKE PLAINTIFFS PAUL HALLINGBY INTENDED MEMORANDUM OF LAW IN SUPPORT OF HIS COMPLAINT

of

**Andreas Gerber**, Bassbeltweg 26, CH-2542 Pieterlen, Switzerland, Email: andreasalfredgerber@gmail.com

**Defendant**

vs

**Paul L. Hallingby**, 31 Kings Hill Road, Sharon, CT 06069, USA
represented by Attorney Jonathan M. Freiman, Wiggin & Dana, 265 Church Street P. O. Box 1832, New Haven, CT 06508-1832, USA

**Plaintiff**

**regarding civil case number 3:17-CV-00975-JBA and regarding stolen Ferrari 250 GT, Spider, Series 1, 1957, VIN 0799GT (hereafter called "Ferrari")**

**submitted to United States District Court, District of Connecticut, Clerk's Office, Richard C. Lee U. S. Courthouse, 141 Church Street, New Haven, CT 06510, USA.**

## I.   Prayer / Requests to the Court

1.   I, as defendant, respectfully request a three-week extension of the deadline asked by the plaintiff in order to respond to Attorney Freiman's announced Memorandum of Law (according to his request from September 14, 2017), making the deadline October 13, 2017, at which time I will file a formal motion in support of my motion to dismiss the plaintiff's complaint.

2.   I respectfully request the Court to accept my Memorandum of Law filed on August 22, 2017 and September 8, 2017, as paper versions, as well as the notice of pro se appearance from September 18, 2017, filed today and hence within the deadline until September 22, 2017 (as requested by the plaintiff).

3.   I respectfully request the Court to accept and allow past and future filings of the defendant in paper until electronic filing is enabled for the defendant.

4.   I respectfully request the Court to communicate with the defendant by mail to the postal address mentioned above or (preferred) by email to andreasalfredgerber@gmail.com.


## II.   Statement of grounds

1.   On August 22, 2017, my attorney (Mr. Oliver Weber) submitted a memorandum of law to the Court on my behalf. This memorandum of law was received by the Court on August 25, 2017 (see exhibit 37). Attorney Oliver Weber is legitimated to represent me and he is an Attorney admitted to the bar of the Canton of Berne, Switzerland (see exhibit 1). Since Attorney Oliver Weber is not a US lawyer $I^{1}$ will represent myself alone in this civil procedure. For that reason I file a notice of pro se appearance, dated on 18, 2017, today and hence within the deadline until September 22, 2017 (see exhibit 38).

2.   Since Attorney Weber is not a US lawyer, I sent my memorandum of law, dated on August 22, 2017, to the Court on September 8, 2017 again. This time, I signed my memorandum of law **personally**. The Court received this second delivery of my memorandum of law on September 12, 2017, and hence within the deadline until September 13, 2017 (see exhibit 37).

---

[1] Correction

3.   As mentioned already, I submit a notice of pro se appearance today (see exhibit 38) and will be a self-represented defendant in this procedure. This document could not yet be filed earlier, because my Swiss Attorney had first to clarify what legal consequences the signing of a notice of pro se appearance will have with respect to potential future proceedings in Switzerland. As already explained in my memorandum of law from August 22, 2017 and September 8, 2017, the Court of jurisdiction is according to the Swiss Constitution (Art 30, paragraph 2) and according to the Lugano Convention (Art. 2; see exhibit 3 and exhibit 4) **at the domicile of the defendant**. This rule is mandatory. Hallingby has hence violated the mentioned rule and he will never be able to execute or have recognized any potential judgment of the US Federal Court in a European country or in Switzerland. For that reason, Hallingby has no legitimate interest in this proceeding; his complaint is therefore nothing but an abuse of the process of the Court. I emphasize that by filing a signed notice of pro se appearance today, **I do explicitly not accept the competence** of the United States District Court. Certainly, I do have a lot of respect for the United States District Court, as my filings and fast responds prove. But the only competent Court to judge about this civil matter is the Swiss Court at my domicile.

4.   In his request, dated on ***September***[2] 14, 2017, Hallingby claims that I would have failed to file an appearance, for what reason my motion shall be dismissed. As my notice of pro se appearance, signed and dated on September 18, 2017 (and filed within the deadline until September 22, 2017, as requested by Hallingby) proves, I have met the necessary formalities. For that reason, I kindly request the Court to accept my filings from August 22, 2017 and September 8, 2017.

Furthermore, Hallingby acts against good faith, when he claims an allegedly improper filing by me. Hallingby's complaint of June 13, 2017 and respective Court documents were translated into German. According to the German translation of ***these***[3] documents, I have been given a deadline, within which I had to file a statement/answer to the Court (see page No. 1 of document No 12, signed by the clerk of court on June 15, 2017). With no word it was mentioned in Hallingby's German translation that I had to file an appearance. Furthermore it should be considered that I am a Swiss citizen with very limited English language skills[4] and without experience in US procedural law. I therefore kindly request the Court to apply the formal rules of procedure in a not too strict manner, in consideration of the international character of the proceeding and of the involved parties with domicile outside of the USA.

---

[2] Correction
[3] Correction
[4] This document was for example written together with a translator.

5.  Hallingby claims in his motion dated on September 14, 201$7^5$, that I or Attorney Weber did not attempted to request a pre-filing conference or to confer with his counsel. This statement is false. It was Attorney Weber who proposed to Hallingby and his Swiss lawyers a formal mediation in 2014. It was Hallingby and his US lawyer who declined such a mediation in 2014 (Hallingby's Swiss lawyers on the other hand supported a mediation). Furthermore, the parties have exchanged emails in April, September and October 2016, after my son, Tobias Gerber, had been contacted by Hallingby. At that time, it was planed to organize a meeting between the parties in London. I agreed to participate in such a meeting, which had the purpose to resolve the legal problems regarding the stolen Ferrari 0799GT. To my surprise, Hallingby later refused to participate in such a conference in London and he did not even answer my email from October 4, 2016 (see exhibit 41). Furthermore, Hallingby refuses to talk to my Attorney (Mr. Oliver Weber) and expressed this refusal clearly in his email from April 29, 2016 to my son (Tobias Gerber), wherein he wrote *"As for Weber, I do not want to include him in the process in any way, shape or form"* (see exhibit 41). Hallingby therefore acts contradictory and again against good faith, when he demands a pre-filing conference with me, after having repeatedly expressed his refusal to confer with me and my counsel. Hallingby's demand for a pre-filing conference is therefore nothing more than an excessive formalism.

6.  I tried to register several e-filing services in order to have access to *the*[6] court electronic records. I have enrolled on www.pacer.psc.uscourts.gov and registered an account. The registration process takes between 7 to 10 days. For the moment I have no access to the court electronic records (see exhibit 39 and 40). I have serious doubts if I will succeed in having access to the court electronic records and do e-filings. I experienced problems in having access to e-filing services because of my Swiss IP-address, which was first blocked. Furthermore, the registration form of Pacer requires a 9-digit federal tax payer number, which I do not have, since I am not an American citizen. Together with a technician I will undertake all necessary steps in order to access the court electronic records. Due to *these*[7] technical problems, I kindly request the court to accept my past and future filings in paper, until e-filing is possible for me (if ever). For the same reasons, I request the court to notify its decisions by ordinary postal mail or by email (to andreasalfredgerber@gmail.com).

---

[5] Correction
[6] Correction
[7] Correction

7.   Hallingby is intending to file a motion until September 22, 2017, in order to strike my memorandum of law dated on September 8, 2017. I am intending to file a counter-statement (in support of my motion to dismiss) regarding Hallingby's planed response to my memorandum of law from September 8, 2017. In order to guarantee a well balanced and fair procedure and in order to ensure the principle of equal weapons, I kindly request the Court to grant me a three-week deadline, making the deadline October 13, 2017, in order to respond to and strike Hallingby's planed motion. I calculated a deadline of three weeks, because it will take about 5 – 7 days for the Court to respond to this request by normal mail (New Haven to Switzerland), one week is planed to write the counter-statement and another 5 – 7 days are required in order to send those documents from Switzerland to New Haven by postal mail. Hence, I will have the same amount of time (one week) to prepare my counter-statement as Hallingby requested for his motion in his request dated on September 14, 2017.

8.   In March/April 2008 I published several advertisements in the "Ferrari Market Letter" and in the "Cavallino" magazine (see exhibit 50). In theses advertisements I informed the Ferrari community about the fact that Ferrari 0799GT is a stolen car and that Interpol and Swiss Police is searching for the car. On March 10, 2009, Hallingby filed a civil complaint for defamation against the "Ferrari Market Letter" and the "Cavallino" magazine (respectively against Roush Publications Inc. and John W. Barnes et al). All relevant legal documents, exhibits and depositions regarding the mentioned lawsuit are attached to this document in exhibit 42 - 58. **The documents filed by the defendants in the mentioned lawsuit (namely Barnes/Roush), as well as the depositions of the involved people (namely different police officers and several Ferrari experts, see exhibits 52 – _59_[8]) prove clearly, that Ferrari 0799GT is a stolen vehicle**. Due to this overwhelming evidence, Hallingby had no other choice than to agree to a settlement with the publishers of the two mentioned Ferrari magazines. As a consequence of this settlement, the New York District Court dismissed Hallingby's complaint for defamation (see exhibit 31 and 51). By agreeing to a settlement with the publishers of the "Ferrari Market Letter" and the "Cavallino" magazine, **Hallingby accepted the theft-status of Ferrari 0799GT**, as it is also confirmed by Interpol, Swiss Police and Connecticut State Police. The terms of the mentioned settlement are confidential. The purpose of this confidentiality is to mask Hallingby's defeat in the mentioned lawsuit and to mask the fact, that Hallingby had accepted and admitted the theft-status of Ferrari 0799GT.

---

[8] Correction

The Connecticut District Court is kindly appealed to approve my requests.


Sincerely


Andreas Gerber / defendant


Sent by registered mail to Connecticut District Court and by Email to Attorney Jonathan M. Freiman


Attached: Exhibits 37 - 5~~8~~ 9


CH-2542 Pieterlen, Switzerland, **September 18, 2017**

# DIRECTORY OF EVIDENCE DOCUMENTS

for the purpose of

## Civil Case, Number 3:17-CV-00975-JBA

## regarding the parties, Paul L Hallingby vs Andreas Gerber

concerning stolen Ferrari 250 GT, Spider, Pinin Farina, Cabriolet, Series 1, 1957/58, VIN 0799GT

submitted to

**United States District Court, District of Connecticut**, to the Clerk's Office, Richard C. Lee U. S. Courthouse, 141 Church Street, New Haven, CT 06510, USA

and sent to

**Attorney Jonathan M. Freimann** (representing the plaintiff), Wiggin & Dana, 265 Church Street, P.O. Box 1832, New Haven, CT 06508-1832, USA

by

**Dr. Andreas Gerber,** Bassbeltweg 26, CH-2542 Pieterlen, Switzerland

Pieterlen, Switzerland, September 18, 2017 (amendments to documents sent on August 25, 2017 and September 8, 2017)

| | | |
|---|---|---|
| 1. | Proof-of-delivery (3x) regarding the filings of August 22, 2017 and September 8, 2017 | **Exhibit 37** |
| 2. | Notice of pro se appearance, dated on September 18, 2017 | **Exhibit 38** |
| 3. | Pacer account registration | **Exhibit 39** |
| 4. | Pacer login attempts, including error message | **Exhibit 40** |

5.  Emails exchanged between the parties and between Mr. Tobias        **Exhibit 41**
    Gerber and the plaintiff, in April, September and October 2016

6.  Letter of Attorney Deborah Drooz / Roush Publications Inc., February   **Exhibit 42**
    9, 2009

7.  Letter of Attorney Jae I. Shim / Attorney Deborah Drooz, February 19,   **Exhibit 43**
    2017

8.  Complaint for defamation (libel) of the plaintiff against Roush        **Exhibit 44**
    Publications (Ferrari Market Letter) and John Barnes (Cavallino
    Magazine), March 10, 2009

9.  Memorandum of law of the plaintiff in the civil procedure against      **Exhibit 45**
    Roush Publications (Ferrari Market Letter) and John Barnes
    (Cavallino Magazine), October 29, 2009

10. Counter-statements of the plaintiff in the civil procedure against Roush   **Exhibit 46**
    Publications (Ferrari Market Letter) and John Barnes (Cavallino
    Magazine), October 29, 2009

11. First amended complaint of the plaintiff in the civil procedure against    **Exhibit 47**
    Roush Publications (Ferrari Market Letter) and John Barnes
    (Cavallino Magazine), January 4, 2010

12. Memorandum of law of Roush Publications (Ferrari Market Letter) and   **Exhibit 48**
    John Barnes (Cavallino Magazine) in the civil procedure against the
    plaintiff, August 24, 2009

13. Memorandum of law of Roush Publications (Ferrari Market Letter) and   **Exhibit 49**
    John Barnes (Cavallino Magazine) in the civil procedure against the
    plaintiff, March 24, 2010

14. Exhibit 1 - 16 to the Memorandum of Law of Roush Publications        **Exhibit 50**
    (Ferrari Market Letter) and John Barnes (Cavallino Magazine) in the
    civil procedure against the plaintiff, August 24, 2009

15. Notice of motion to dismiss, of Roush Publications (Ferrari Market      **Exhibit 51**
    Letter) and John Barnes (Cavallino Magazine) in the civil procedure
    against the plaintiff, August 24, 2009; including dismissal order of the
    New York District Court, January 5, 2012

16. Deposition of Paul "Barney" Hallingby, in the civil procedure against    **Exhibit 52**
    Roush Publications (Ferrari Market Letter) and John Barnes
    (Cavallino Magazine), February 8 and 9, 2011

17. Deposition of John W. Barnes JR, in the civil procedure of the plaintiff against Roush Publications (Ferrari Market Letter) and John Barnes (Cavallino Magazine), December 16 and 21, 2010  **Exhibit 53**

18. Deposition of Carol Roush, in the civil procedure of the plaintiff against Roush Publications (Ferrari Market Letter) and John Barnes (Cavallino Magazine), January 28, 2011  **Exhibit 54**

19. Deposition of Cathy Roush Tarallo, in the civil procedure of the plaintiff against Roush Publications (Ferrari Market Letter) and John Barnes (Cavallino Magazine), January 27, 2011  **Exhibit 55**

20. Deposition of Doron Sauer (importer of the stolen Ferrari), in the civil procedure of the plaintiff against Roush Publications (Ferrari Market Letter) and John Barnes (Cavallino Magazine), January 18, 2011  **Exhibit 56**

21. Deposition of Kenneth Crook (retired FBI officer), in the civil procedure of the plaintiff against Roush Publications (Ferrari Market Letter) and John Barnes (Cavallino Magazine), February 2, 2011  **Exhibit 57**

22. Deposition of Richard Van Tine (police officer, Connecticut State Police), in the civil procedure of the plaintiff against Roush Publications (Ferrari Market Letter) and John Barnes (Cavallino Magazine), January 11, 2011  **Exhibit 58**

23. Deposition of William "Bill" Adams (retired police officer), in the civil procedure of the plaintiff against Roush Publications (Ferrari Market Letter) and John Barnes (Cavallino Magazine), December 9 and 10, 2010  **Exhibit _59_**[1]

---

[1] Correction

| Exhibit | 62 |
|---------|-----|

# FedEx

September 20, 2017

Dear Customer:

The following is the proof-of-delivery for tracking number **810750533311**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | C.MOORE | Delivery location: | NEW HAVEN, CT |
| | | | |
| Service type: | FedEx International Priority | Delivery date: | Sep 19, 2017 15:19 |
| Special Handling: | Deliver Weekday | | |

Signature image is available. In order to view image and detailed information, the shipper or payor account number of the shipment must be provided.

## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 810750533311 | Ship date: | Sep 18, 2017 |
| | | Weight: | 10.7 lbs/4.9 kg |

| | |
|---|---|
| Recipient: | Shipper: |
| NEW HAVEN, CT US | PIETERLEN, BE CH |

Thank you for choosing FedEx.



My Profile    Support    🌐 English    Search 🔍

Ship        Track        Manage My Account        Customs Tools        **Oliver Weber**

# FedEx ® Tracking

## 810750533311

Ship date:                                                           Actual delivery:
**Mon 18/09/2017**                                                   **Tue 19/09/2017 15:19**

PIETERLEN, BE CH               **Delivered**                        NEW HAVEN, CT US
                          *Signed for by: C.MOORE*

## Travel History

| Date/Time | Activity | Location |
|---|---|---|
| **19/09/2017 - Tuesday** | | |
| 15:19 | Delivered | NEW HAVEN, CT |
| 14:50 | On FedEx vehicle for delivery | NORTH HAVEN, CT |
| 12:42 | At local FedEx facility | NORTH HAVEN, CT |
| 08:35 | Departed FedEx location | NEWARK, NJ |
| 07:42 | International shipment release - Import | NEWARK, NJ |
| 06:19 | Arrived at FedEx location | NEWARK, NJ |
| 04:41 | Departed FedEx location | ROISSY CHARLES DE GAULLE CEDEX FR |
| 03:36 | In transit | ROISSY CHARLES DE GAULLE CEDEX FR |
| 02:02 | In transit | ROISSY CHARLES DE GAULLE CEDEX FR |
| 00:14 | Arrived at FedEx location | ROISSY CHARLES DE GAULLE CEDEX FR |
| **18/09/2017 - Monday** | | |
| 23:19 | In transit | BASEL CH |
| 18:42 | Left FedEx origin facility | KERZERS CH |
| 18:41 | Picked up | KERZERS CH |

**Ask FedEx** ✕

## Shipment Facts

| | | | |
|---|---|---|---|
| Tracking number | 810750533311 | Service | FedEx International Priority |
| Weight | 10.7 lbs / 4.85 kgs | Dimensions | 18x13x3 in. |
| Clearance detail link | Clearance detail | Delivery attempts | 1 |
| Delivered To | Receptionist/Front Desk | Total pieces | 1 |
| Total shipment weight | 10.7 lbs / 4.85 kgs | Terms | Shipper |
| Packaging | FedEx Box | Special handling section | Deliver Weekday |
| Standard transit | 19/09/2017 by 15:00 | | |

cookies, including third party cookies, to improve functionality and your surfing experience, for web analytics and targeted marketing
ut changing your web-browser cookie settings, you are agreeing to our use of cookies. To find out more and learn how to manage o
policy.

20.09.2017, 09:1

**Company Information**
About FedEx
Careers
Conditions of Carriage
International Holiday
Schedule

**FedEx Services**
International Services
Domestic Services

**Customer Support**
Write to FedEx

**New Customers**
Open an Account
Register for a Login

**Resource Links**
Tips & Tricks
Small Business Center
Download Center
International Fuel
Surcharge
Domestic Fuel
Surcharge
Tariffs & Surcharges
Air Cargo Security

**Follow FedEx**

Switzerland - English

This site is protected by copyright and trademark laws under US and international law. All rights reserved.© FedEx 1995-2017

Global Home  |  Site Map  |  fedex.com Terms of Use  |  Security and Privacy

Ask FedEx
×

cookies, including third party cookies, to improve functionality and your surfing experience, for web analytics and targeted marketing
ut changing your web-browser cookie settings, you are agreeing to our use of cookies. To find out more and learn how to manage o
olicy.

20.09.2017, 09:1(

| Exhibit | 63 |

**Betreff:** Re: Hallingby v. Gerber, U.S. District Court for the District of Connecticut Civil Action No. 17-cv-00975-JBA
**Von:** Oliver Weber <weber@jwlaw.ch>
**Datum:** 18.09.2017 20:36
**An:** "Freiman, Jonathan" <JFreiman@wiggin.com>
**Kopie (CC):** "Treece, Lawrence W." <LTreece@BHFS.com>, "Roth, David" <DRoth@wiggin.com>

Dear Mr. Freiman,

Thank you for informing me about the decisions of the court. I do realize that this is an act of courtesy, which I do appreciate.

Please find attached the motion, which Dr. Andreas Gerber filed with the court today. Furthermore, Dr. Gerber sent exhibit 37 - 59 to the Federal Court. This file is too big to be sent by email to you. I therefore prepared a link, where you can download exhibit 37 - 59.

it is:

https://drive.google.com/file/d/0BwaUeiLuroH2SkxpNENaaURReEk/view?usp=sharing

For the sake of clarity, I inform you, that I had to correct two spelling errors in the motion/directory, which I send to you (paragraph 4, line 1, Dr. Gerber misspelled the date of September 14, 2017 [in the motion sent to the court, the word "September" was missing]; the original directory of evidence documents mentioned two times exhibit "58", instead of exhibit "59").

Kind regards

Oliver Weber

---

J E A N G U E N I N  &  W E B E R

Oliver Weber, Mediator SAV
Rechtsanwalt / Avocat / Attorney-at-Law
Murtenstrasse 28
Postfach 635
CH-2501 Biel

Tel:     +41 32 322 68 13
Fax:     +41 32 322 68 04
Email:   weber@jwlaw.ch

| Exhibit | 64 |

# JEANGUENIN & WEBER

A D V O K A T U R B Ü R O  •  É T U D E  D ' A V O C A T S  •  M E D I A T I O N

Daniel Jeanguenin
Attorney
CCP 30-430258-0
Tel: +41 32 322 30 05
jeanguenin@jwlaw.ch

Oliver Weber
Attorney, Mediator SAV
PC 60-719874-7
Tel: +41 32 322 68 13
weber@jwlaw.ch

Murtenstrasse 28, rue de Morat
Postfach 635, case postale
CH-2501 Biel-Bienne
Telefax +41 32 322 68 04

Attorney Georg Friedli
Advokaturbüro Friedli & Schnidrig
Bahnhofplatz 5
Postfach 6233
3001 Bern

Biel, 14. August 2017

**Confidential**

**BA 14 74, BA 2015 119 and 120 MUE: Criminal proceedings regarding Dr. Andreas Gerber, Hallingby Paul Barney et al.; Closure of criminal proceedings**

Dear Colleague,

I refer to the criminal proceedings mentioned above and to the correspondence regarding Ferrari 0799GT.

As is well known, the above-mentioned criminal proceedings are conducted by Mr. Kreit, Public Prosecutor of the Special Tasks Division. Prosecutor Kreit contacted both parties by telephone and in writing and promised to class the two pending criminal proceedings against you and me based on Art. 318 criminal procedure code.

According to Mr. Kreit, the closing of the two criminal procedures against you and me would allow for settlement talks between the parties and their representatives in a second step. Prosecutor Kreit has offered me to invite both parties and their representatives to a roundtable and to mediate. Likewise, Public Prosecutor Kreit has offered to invite an English translator for your client. My client would be willing to take part in such a roundtable in order to have settlement talks with your client.

Prosecutor Kreit would like to know from you and from me if we will accept the closing of the proceedings in accordance with Art. 318 criminal procedure code. I have answered in the affirmative and I now confirm this intention in this letter to you. This willingness to accept the

closing of the proceedings against you, however, requires that you (or your client) would also accept the closing of the criminal proceedings against me, without filing an appeal. I therefore ask you if you support this approach and if you would also accept the closing of the criminal proceedings against me?

With kind and collegial regards


Oliver Weber
Attorney-at-law

# JEANGUENIN & WEBER

ADVOKATURBÜRO • ÉTUDE D'AVOCATS • MEDIATION

Daniel Jeanguenin
Avocat
CCP 30-430258-0
Tel: +41 32 322 30 05
jeanguenin@jwlaw.ch

Oliver Weber
Fürsprecher, Mediator SAV
PC 60-719874-7
Tel: +41 32 322 68 13
weber@jwlaw.ch

Murtenstrasse 28, rue de Morat
Postfach 635, case postale
CH-2501 Biel-Bienne
Telefax +41 32 322 68 04

Herr Fürsprecher Georg Friedli
Advokaturbüro Friedli & Schnidrig
Bahnhofplatz 5
Postfach 6233
3001 Bern

Biel, 14. August 2017

**Vertraulich**

**BA 14 74, BA 2015 119 u. 120 MUE: Strafverfahren i. S. Dr. Andreas Gerber, Hallingby Paul Barney et al.; Einstellung der Strafverfahren**

Sehr geehrter Herr Kollege

Ich nehme Bezug auf obgenanntes Strafverfahren sowie auf die in diesem Zusammenhang bereits geführte Korrespondenz betreffend Ferrari 0799GT.

Obgenanntes Strafverfahren wird bekanntlich durch Herrn Staatsanwalt Kreit, Staatsanwaltschaft Besonderen Aufgaben, geführt. Herr Staatsanwalt Kreit hat mit beiden Parteivertretern telefonisch und schriftlich Kontakt aufgenommen und in Aussicht gestellt, die beiden anhängigen Strafverfahren gegen Sie und mich gestützt auf Art. 318 StPO einzustellen.

Die Einstellung der beiden Strafverfahren gegen Sie und mich würde gemäss Herrn Staatsanwalt Kreit erlauben, dass in einem zweiten Schritt Vergleichsgespräche zwischen den Parteien und deren Parteivertreter geführt werden könnten. Herr Staatsanwalt Kreit hat mir offeriert, beide Parteien und deren Vertreter zu einem "Roundtable" einzuladen und zu vermitteln. Ebenfalls hat mir Herr Staatsanwalt Kreit in Aussicht gestellt, einen Englischübersetzer für Ihren Klienten aufzubieten. Mein Mandant wäre bereit, an einen solchen Roundtable teilzunehmen und mit Ihrem Klienten Vergleichsgespräche zu führen.

Herr Staatsanwalt Kreit möchte von Ihnen und von mir erfahren, ob wir die Einstellung der Verfahren gegen Sie und mich gemäss Art. 318 StPO akzeptieren würden. Ich habe diese

Frage bejaht und bestätige diese Absicht nun auch in diesem Schreiben gegenüber Ihnen. Diese Bereitschaft, die Einstellung des Verfahrens gegen Sie zu akzeptieren, bedingt jedoch, dass auch Sie (bzw. Ihr Klient) die Einstellung des Strafverfahrens gegen mich akzeptieren und keine Rechtsmittel einlegen würden. Ich frage Sie daher an, ob Sie zu diesem Vorgehen Hand bieten und die Einstellung des Strafverfahrens gegen mich ebenso akzeptieren würden?

Mit freundlichen, kollegialen Grüssen


Oliver Weber
Fürsprecher