UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL L. ("BARNEY") HALLINGBY,         )
    Plaintiff                                         )
           and                                 )
                               )
ONE 1957 FERRARI 250 PF,                  )    Civil Action No. 3: 17-cv-00975-JBA
CABRIOLET, PININ FARINA SERIES       )
1, CHASSIS NO. 0799 GT, an                 )
automobile                                       )    Date March 29, 2018
    Plaintiff-in- Rem                             )
             vs.                                 )
DR. ANDREAS GERBER; ESTATE OF        )
BERNHARD FRIEDLI-VON                     )
MÜHLENEN; HEIRS OF BERNHARD         )
FRIEDLI-VON MÜHLENEN; ESTATE        )
OF ANNEROSE FRIEDLI-VON                 )
MÜHLENEN; HEIRS OF ANNEROSE       )
FRIEDLI-VON MÜHLENEN; GUY            )
FRIEDLI; COLETTE FRIEDLI;                )
JACQUELINE FRIEDLI, and ALL            )
UNKNOWN PERSONS CLAIMING            )
ANY INTEREST IN THE 1957                 )
FERRARI 250 GT, CABRIOLET, PININ    )
FARINA SERIES 1, CHASSIS NO. 0799    )
GT,                                                   )
    Defendants.                                   )

**ORDER AND JUDGMENT
AGAINST DEFENDANT DR. ANDREAS GERBER**

This matter came before the Court on Plaintiffs' MOTION FOR DEFAULT

JUDGMENT AGAINST DEFENDANT DR. ANDREAS GERBER ("Motion"). The Court has

reviewed the file, the Motion, and the applicable law, and is, therefore, fully

advised. Based on that review, the Court **GRANTS** the Motion in full, and renders

the following Findings of Fact, Conclusions of Law and Judgment.

1

**FINDINGS OF FACT**

NATURE OF CASE AND PROCEDURAL HISTORY

1.        This is a case in which Plaintiff, Paul L. ("Barney") Hallingby

("Hallingby") and Plaintiff-in-Rem, One 1957 Ferrari 250 Pf, Cabriolet, Pinin

Farina Series 1, Chassis No. 0799 GT ("Ferrari" or "car") (collectively "Plaintiffs"),

seek, among other things, to quiet title to the Ferrari in Hallingby.

2.        Plaintiffs joined Dr. Andreas Gerber ("Dr. Gerber") as a defendant

because he was at one time a co-owner of the Ferrari with Bernhard Friedli-Von

Mühlenen ("B. Friedli"), and claimed the Ferrari was stolen from B. Freidli and him

in Spain in 1993, and continues to assert claims of ownership of the Ferrari adverse

to Hallingby and interfere with Hallingby's ownership and efforts to the sell the car.

3.        Against Dr. Gerber, Plaintiffs sought a declaratory judgment that Dr.

Gerber's claims to ownership were barred by the Statute of Limitations, Laches,

and certain Judgments issued by courts in Spain in the late 1900s and 2000.

Plaintiffs also sought a declaratory judgment that Dr. Gerber's claim was invalid

because the Ferrari was not, in fact, stolen. Based on these assertions, Plaintiffs

sought a declaratory judgment declaring that Hallingby was the rightful owner of

the Ferrari, and quieting title to the car. Based on the declaratory judgments

sought, Plaintiffs also sought an injunction against Dr. Gerber under 28 U.S. 2202

from interfering with Hallingby's efforts to sell the car.

4.        Dr. Gerber was duly served with the Summons and Complaint (along

with other initiating papers) under the HAGUE CONVENTION ON THE SERVICE ABROAD

OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS ("HAGUE CONVENTION") on August 7, 2017.

5.        On September 21, 2017, the Court docketed a "MEMO OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FILED BY ANDREAS GERBER" (ECF NO. 29) ("GERBER MEMO OF LAW"). On the same day, the Court docketed an appearance of Dr. Gerber as a self-represented party (NOTICE OF PRO SE APPEARANCE, ECF No. 27).

6.        Because Dr. Gerber did not move for or participate in a pre-filing conference with the Court before filing his purported Motion to Dismiss, as required by this Court's ORDER ON PRETRIAL DEADLINES (ECF No.8), Plaintiffs moved to strike Dr. Gerber's purported Motion without prejudice to his renewing it following a pre-filing conference( ECF No. 39 at 4–5). Both parties later requested that the Court hold a pre-filing conference (*Id.* at 5; ECF No. 36), and the Court scheduled such a conference for December 20, 2017, at 4:00 p.m. (ECF No. 47).

7.        Plaintiffs' counsel and Dr. Gerber agreed to hold the mandatory Rule 26(f) conference on November 30, 2017. However, on the morning of the scheduled call, Dr. Gerber informed counsel that he would not take part in the Rule 26(f) conference, and insisted that he would refuse to participate in any way in the case.

8.        On December 15, 2017, the Court docketed a December 13, 2017 "Notice to the Court" from Dr. Gerber (ECF No. 49). That Notice reiterated that Dr. Gerber would participate no further in this case, professing his belief that this Court lacks jurisdiction. *Id.* at 2. In that Notice, Dr. Gerber (i) withdrew his *pro se*

3

appearances (*Id.* at 3); (ii) stated he would not participate in the pre-filing

conference scheduled for December 20, 2017 (*Id.*); and (iii)  withdrew his various

filings and memoranda of law, including his purported Motion to Dismiss and the

GERBER MEMO OF LAW (*Id.* at 2). And he expressly repeated several times that he

would not participate in this case anymore at all (*Id.* at 4-5).

9.      Despite this Notice, the Court proceeded with the December 20, 2017

call, as scheduled. Dr. Gerber did not participate. Following the conference, the

Court issued a SCHEDULING ORDER on September 21, 2017 (ECF No 51). It provided:

1.      Pursuant to the directives of Defendant Andreas Gerber [Doc. # 49] :

(a) Defendant's Memorandum [Doc. # 29] is withdrawn;

(b) Defendant's Memorandum [Doc. # 21] is withdrawn;

(c) Defendant's withdrawal of his consent to electronic notice is noted and the Clerk is directed to mail of future pleadings to him.

2.      Plaintiffs' Motion for Entry of Default against Defendant Gerber is referred to the Clerk's Office for action in light of Defendant Gerber's declaration that, "I will therefore not participate in any way in this procedure" [and] "do[es] not accept the jurisdiction/competence of the Connecticut District in the civil case 3:17-cv-00975 (JBA)." [Doc. # 49, p. 2 ¶ 3 ff.]

10.      The Court itself entered Dr. Gerber's Default on December 28, 2017

and ordered Plaintiffs to file a Motion for Default Judgment  by January 27, 2018,

or the case would be dismissed (ECF No.  52).

## JURISDICTION

11.      The Ferrari is located in Connecticut.

12.      Hallingby is a resident of Connecticut.

13.      Dr. Gerber is a citizen and resident of Switzerland.

4

14.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

## CONCLUSIONS OF LAW

15.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2).

16.     This Court has *in rem* and *quasi in rem* jurisdiction in this matter pursuant to 28 U.S.C. § 1655 and CONN. GEN. STAT.§ 47-31.

17.     This Court has jurisdiction to grant the requested declaratory relief pursuant to 28 U.S.C. § 2201(a); 28 U.S.C. §1655; and CONN. GEN. STAT. § 47-31.

18.     This Court has jurisdiction to grant the requested injunctive relief pursuant to 28 U.S.C. § 2202.

19.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2), 28 U.S.C. § 1391(b)(3), and 28 U.S.C. § 1655.

20.     Dr. Gerber was properly served with the SUMMONS AND COMPLAINT under the HAGUE CONVENTION on August 7, 2017.

21.     Dr. Gerber was also properly served under the HAGUE CONVENTION on August 7, 2017 with the following additional documents:

    A.    The Court's Order to Appear or Plead Pursuant to 28 U.S.C. § 1655 (ECF No. 16);

    B.    Mr. Hallingby's Motion for Partial Summary Judgment and Exhibits; (ECF No. 5);

    C.    Notice of Intent to Raise Issues Regarding the Law of Certain Foreign Countries (ECF. NO. 4);

    D.    Mr. Hallingby's Local Rule 56(a)(1) statement in support of Plaintiffs' motion for partial summary judgment(ECF No. 5-1);

E.   Mr. Hallingby's Exhibits to the Local Rule 56(a)1 statement (ECF. No. 5-2);

F.   The Court's standing Protective Order (ECF No. 10);

G.   The Court's Order on Pretrial Deadlines (ECF No. 8);

H.   Mr. Hallingby's Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment as required by Local Rule 56(b) (ECF No.6); and

I.   The Court's Notice to Counsel and Pro Se Parties(ECF No. 11).

22.   The appropriate Swiss authorities have certified proper service under the HAGUE CONVENTION of all the documents identified in paragraphs 20 and 21.

23.   The facts alleged in Count I of the Complaint state a valid claim for relief under the applicable Statute of Limitations (CONN. GEN. STAT. ANN. § 52-577) that any claim Dr. Gerber may have to ownership of the Ferrari is barred by the Statue of Limitations, and, if proven at trial, those facts would entitle Plaintiffs to the relief requested.

24.   The facts alleged in Count II of the Complaint state a valid and independent claim for relief under the applicable law that any claim Dr. Gerber may have to ownership of the Ferrari is barred by Laches, and, if proven at trial, those would entitle Plaintiffs to the relief requested.

25.   The facts alleged in Count III of the Complaint state a valid and independent claim for relief that any claim Dr. Gerber may have to ownership of the Ferrari is barred by the Judments entered by the Spanish Courts in 1993, 1995, 1998, and 2000 ("Spanish Judgements"), and, if proven at trial, those facts would entitle Plaintiffs to the relief requested.

6

26.     The facts alleged in Count V of the Complaint state a valid and independent claim for declaratory judgment under the applicable law that Hallingby is the sole, rightful owner of the Ferrari to the exclusion of all others, including Dr. Gerber, and, if proven at trial, those facts would entitle Plaintiffs to the relief requested.

27.     There are no factors relevant to setting aside a Default Judgment under Fed. R. Civ. P. Rules 55(c) or 60(b) present here.

JUDGMENT

A.     Declaratory Judgment is **Entered** separately under each of Counts I, II, III, and V of the Complaint that Dr. Andreas Gerber has no ownership or other interest of any kind whatsoever in the Ferrari.

B.     Declaratory Judgment is **ENTERED** separately under each of Counts I, II, III, and V of the Complaint that Dr. Andreas Gerber has no ownership or other interest of any kind whatsoever in the Ferrari.

C.     Declaratory Judgment is **ENTERED** separately under each of Counts I, II, III, and V of the Complaint that Paul L. ("Barney") Hallingby is the sole and rightful owner of One 1957 Ferrari 250 PF, Cabriolet, Pinin Farina Series 1, Chassis No. 0799 Gt, the "Ferrari."

D.     Based on the forgoing, Dr. Andreas Gerber is **ENJOINED** from the following acts, each of which would cause irreparable injury to Hallingby:

1.     Threatening, instituting, or causing to be instituted any legal or other actions against Hallingby regarding the Ferrari.

2.     Making any public statements that Hallingby is not the rightful owner of the Ferrari.

3.     Making any public statements that Dr. Gerber is the rightful owner of the Ferrari.

4.     Making any public statements Hallingby's title to the Ferraris is in any way clouded by any claim of Dr. Gerber that he is the rightful owner of the Ferrari.

5.     Interfering with Hallingby's efforts to sell or dispose of the Ferrari, including, specifically, by:

(a)     Contacting potential purchasers of the Ferrari and claiming that Dr. Gerber owns the Ferrari;

(b)     Contacting potential purchasers of the Ferrari and claiming that Hallingby does not own the Ferrari;

(c)     Contacting potential purchasers of the Ferrari and claiming that title to the Ferrari is clouded by Dr. Gerber's claims; and

(d)     Contacting potential purchasers of the Ferrari and threatening legal action against any such potential purchaser if they purchase the Ferrari, including having the car seized or having criminal proceedings instituted against them if they do.

E.     Plaintiffs are ordered to serve a copy of this **ORDER AND JUDGMENT** on Dr. Andrea Gerber by personal service through the HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS

IN CIVIL OR COMMERCIAL MATTERS, and to file certification of such service when it is received.

BY THE COURT

/s/

Janet Bond Arterton
United States District Court Judge

Dated at New Haven, Connecticut this _29th_ day of _March_, 2018.