UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL L. ("BARNEY") HALLINGBY,<br><br>    Plaintiff<br><br>and<br><br>ONE 1957 FERRARI 250 PF, CABRIOLET, PININ FARINA SERIES 1, CHASSIS NO. 0799 GT, an automobile<br><br>    Plaintiff-in- Rem<br><br>vs.<br><br>DR. ANDREAS GERBER; ESTATE OF BERNHARD FRIEDLI-VON MÜHLENEN; HEIRS OF BERNHARD FRIEDLI-VON MÜHLENEN; ESTATE OF ANNEROSE FRIEDLI-VON MÜHLENEN; HEIRS OF ANNEROSE FRIEDLI-VON MÜHLENEN; GUY FRIEDLI; COLETTE FRIEDLI; JACQUELINE FRIEDLI, and ALL UNKNOWN PERSONS CLAIMING ANY INTEREST IN THE 1957 FERRARI 250 GT, CABRIOLET, PININ FARINA SERIES 1, CHASSIS NO. 0799 GT,<br><br>    Defendants. | Civil Action No. 17-cv-00975 |

**ORDER AND JUDGMENT
RE DEFENDANTS GUY, JACQUELINE, AND COLETTE FRIEDLI**

This matter came before the Court on Plaintiffs' Motion for Default Judgment Against Guy Friedli, Colette Friedli, and Jacqueline Friedli ("Motion"). The Court has reviewed the file, the Motion, and the applicable law, and is, therefore, fully advised. Based on that review, the Court **GRANTS** the Motion in full, and renders the following Findings of Fact, Conclusions of Law and Judgment.

## FINDINGS OF FACT

1.    This is a case in which Plaintiff, Paul L. ("Barney") Hallingby ("Hallingby") and Plaintiff-in-Rem, One 1957 Ferrari 250 PF, Cabriolet, Pinin Farina Series 1, Chassis No. 0799 GT ("Ferrari") (collectively "Plaintiffs"), seek, among other things, to quite title to the Ferrari.

2.    Plaintiffs joined Guy Friedli, Colette Friedli, and Jacqueline Friedli ("Friedli Defendants") as potential claimants to the Ferrari, because they are the heirs of Bernhard Friedli-Von Mühlenen ("B.Friedli"), who at one time was co-owner of the Ferrari with Defendant Gerber, and Annerose Friedli-Von Mühlenen ("A.Friedli"), who succeeded to B.Friedli's interest in the Ferrari upon his death in 1996, and who, in turn, died in 2016.

3.    Each of the Friedli Defendants was duly served with the Summons and Complaint in this action under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

4.    None of the Friedlis have entered a formal appearance in this action. Rather, each of them has executed a Disclaimer of Interest and Limited Consent to the Entry of Judgment declaring that none of them have any interest in the Ferrari.

5.    On October 23, Plaintiffs moved for entry of default under Federal Rule of Civil Procedure 55(a) against the Friedli Defendants. The Clerk entered a notice of default on October 24.

6.    This Motion seeks a Default Judgment against each of the Friedli Defendants confirming their Disclaimers and declaring that they have no interest in the Ferrari.

7.    The Ferrari is located in Connecticut.

8.    Hallingby is a resident of Connecticut.

9. The Friedli Defendants are all residents of Switzerland.

## CONCLUSIONS OF LAW

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), because this action is between citizens of a State and citizens or subjects of a foreign state, and because the matter in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court has *in rem* and quasi *in rem* jurisdiction in this matter pursuant to 28 U.S.C. § 1655 because Plaintiffs seek to remove a cloud on the title to personal property located in Connecticut. This Court also has *in rem* and *quasi-in rem* jurisdiction pursuant to Conn. Gen. Stat. § 47-31, because Hallingby claims title to, and seeks to quiet the title of, personal property located in Connecticut.

12. This Court has jurisdiction to grant the requested declaratory relief pursuant to 28 U.S.C. § 2201(a); 28 U.S.C. §1655; and Conn. Gen. Stat. § 47-31.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(b)(3) because: (i) the property that is the subject of this action is located in Connecticut and (ii) the Friedlis are non-residents of the United States.

14. Venue is also proper in this district pursuant to 28 U.S.C. § 1655, because this is an action to remove a cloud on title to property located within this district, and the Friedlis cannot be served in Connecticut.

15. A Default Judgment is the standard procedure recognized by courts to secure judgments in such cases as this as to people disclaiming any interest in the property in question. See, e.g. *United States v. Carter*, Case No. 08cv1633, 2009 WL 10671873, at *1 (S.D. Cal. Aug. 6, 2009) (granting default judgment against two absent defendants based on disclaimers of


interest in tax foreclosure case); *United States v. Gerads*, Civ. No. 4-91-623, 1993 WL 114411, at *2–3 (D. Minn. Jan. 15, 1993) (same in case brought, as here, under 28 U.S.C. § 1655).

## JUDGMENT

A. Declaratory Judgment is entered that Guy Friedli has no interest of any kind whatsoever in the Ferrari.

B. Declaratory Judgment is entered that Jacqueline Friedli has no interest of any kind whatsoever in the Ferrari.

C. Declaratory Judgment is entered that Colette Friedli has no interest of any kind whatsoever in the Ferrari.

D. All of the Friedli Defendants are relieved of any further responsibilities of a party to these proceedings.

E. None of the Friedli Defendants are responsible for any costs arising from the proceedings, including attorneys' fees.

F. The Clerk of the Court is directed to remove the Friedli Defendants from any service list in these proceedings.

G. Plaintiffs are ordered to serve a copy of this Judgment on each of the Friedli Defendants by personal service through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

G. Other than this Judgment, Plaintiffs have no further responsibility to serve the Friedli Defendants with any pleadings, motions, briefs, or other papers in these proceedings.

BY THE COURT

/s/ Janet Bond Arterton

Janet Bond Arterton
United States District Court Judge

Dated at New Haven, Connecticut this
29th day of March, 2018