UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL L. ("BARNEY") HALLINGBY,<br><br>    Plaintiff<br><br>    and<br><br>ONE 1957 FERRARI 250 PF, CABRIOLET, PININ FARINA SERIES 1, CHASSIS NO. 0799 GT, an automobile<br><br>    Plaintiff-in-Rem<br><br>               vs.<br><br>DR. ANDREAS GERBER; ESTATE OF BERNHARD FRIEDLI-VON MÜHLENEN; HEIRS OF BERNHARD FRIEDLI-VON MÜHLENEN; ESTATE OF ANNEROSE FRIEDLI-VON MÜHLENEN; HEIRS OF ANNEROSE FRIEDLI-VON MÜHLENEN; GUY FRIEDLI; COLETTE FRIEDLI; JACQUELINE FRIEDLI, and ALL UNKNOWN PERSONS CLAIMING ANY INTEREST IN THE 1957 FERRARI 250 GT, CABRIOLET, PININ FARINA SERIES 1, CHASSIS NO. 0799 GT,<br><br>    Defendants. | CIVIL ACTION NO: 17-cv-00975 |

## FINAL JUDGMENT

This matter came before the Court on Plaintiffs' MOTION UNDER F.R.CIV.P. 58 FOR ENTRY OF FINAL JUDGMENT ("Motion"). The Court has reviewed the file, the Motion, and the applicable law, and is, therefore, fully advised. Based on that review, the Court **GRANTS** the Motion in full, and renders the following Findings of Fact, Conclusions of Law and Final Judgment.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. On March 30, 2018, the Court issued its ORDER AND JUDGMENT AGAINST DEFENDANT DR. ANDREAS GERBER ("Gerber Judgment") (ECF No. 56). This judgment was duly served personally on Defendant Gerber under the HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS ("HAGUE CONVENTION") on April 23, 2018 (Plaintiffs' NOTICE OF PROOF OF SERVICE OF DEFAULT JUDGMENTS, filed contemporaneously with the Motion ("PROOF OF SERVICE")).

2. On March 30, 2018, the Court also issued its ORDER AND JUDGMENT RE DEFENDANTS GUY, JACQUELINE, AND COLETTE FRIEDLI ("Friedli Judgment") (ECF No. 57). This judgment was duly served personally on those Defendants under the HAGUE CONVENTION on April 25, 2018 (Colette and Guy) and May 28, 2018 (Jacqueline) (PROOF OF SERVICE).

3. Together, the Gerber Judgment and the Friedli Judgment resolved all claims asserted by Plaintiffs in this litigation in Plaintiffs' favor, except Count IV of their Complaint for Tortious Interference with Prospective Business Relationships, which was asserted solely against Defendant Gerber.

4. On June 18, 2018, Plaintiffs filed their DISMISSAL UNDER F.R.CIV.P. 41(a)(1)(A) OF COUNT IV OF THEIR COMPLAINT, without prejudice, each party to bear its own costs and attorneys' fees.

5. Thus, this action is now fully resolved and ripe for the entry of final judgment under F.R.CIV.P. 58.

6. As set forth fully in both the Gerber Judgment and the Friedli Judgment, this Court has jurisdiction over this action, and jurisdiction to grant all the relief set forth in the Gerber and Friedli Judgments, pursuant to 28 U.S.C. § 1332(a)(2); 28 U.S.C. § 1655 and CONN. GEN. STAT.§ 47-31; 28 U.S.C. § 2201(a); 28 U.S.C. §1655; and CONN. GEN. STAT. § 47-31; and 28 U.S.C. § 2202, because the Ferrari at issue is located in Connecticut; Plaintiff Hallingby is a resident of Connecticut; Defendants Gerber and the Friedlis are citizens and residents of Switzerland; the amount in controversy exceeds $75,000; and Defendants Gerber and the Friedlis were properly served personally under the HAGUE CONVENTION.

## JUDGMENT

A. Final Judgment is entered against Defendant Andreas Gerber in the precise terms of the Gerber Judgment, which is fully incorporated herein and made final hereby.

B. Final Judgment is entered against Guy Friedli, Jacqueline Friedli, and Colette Friedli in the precise terms of Friedli Judgment, which is fully incorporated herein and made final hereby.

C. Count IV of Plaintiffs' Complaint against Defendant Gerber for Tortious Interference with Prospective Business Relationships is dismissed, **WITHOUT PREJUDICE**, each party to bear their owns costs and attorneys' fees.

D. Pursuant to F.R.CIV.P. 58(b)(2), the Clerk of the Court is directed to promptly enter this Final Judgment in the civil docket under F.R.CIV.P. 79(a).

E.  Plaintiffs are ordered to serve a copy of this **FINAL JUDGMENT** on Defendants Andreas Gerber, Guy Friedli, Colette Friedli, and Jacqueline Friedli by personal service through the HAGUE CONVENTION, and to file certification of such service when it is received. Effectuation and completion of this requirement of service shall not, however, affect the finality of this Final Judgment, which shall become final for all purposes when the Judgment is entered in the civil docket under F.R.CIV.P. 79(a).

BY THE COURT

/s/ Janet Bond Arterton
Janet Bond Arterton
United States District Court Judge

Dated at New Haven, Connecticut this 20th day of June, 2018.