UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Hallingby, et al,<br>    *Plaintiffs*,<br><br>    *v.*<br><br>Gerber, et al,<br>    *Defendants*. | Civil No. 3:17-cv-975 (JBA)<br><br>February 24, 2021 |

**ORDER GRANTING MOTION TO HOLD DEFENDANT ANDREAS GERBER IN CONTEMPT**

On March 30, 2018, this Court entered an order and judgment against Defendant Dr. Andreas Gerber ("Dr. Gerber"), declaring that he has no ownership or other interest of any kind in the Plaintiff-in-Rem 1957 Ferrari 250 PF, Cabriolet, Pinin Farina Series 1, Chassis No. 0799 GT, and that any claim by Dr. Gerber to ownership is barred by the Statute of Limitations and Spanish Court Judgments from 1993, 1995, 1998, and 2000. (Order [Doc. # 56] at 1-6.) Further, the Court enjoined Dr. Gerber from "making any public statements that Hallingby is not the rightful owner of the Ferrari" and "making any public statements [that] Hallingby's title to the Ferrari is in any way clouded by any claim of Dr. Gerber that he is the rightful owner of the Ferrari." (Order at 7-8.) No motion to clarify, vacate, or set aside this Order and Judgment against Dr. Andreas Gerber was ever filed, and it was never appealed.

By motion dated May 11, 2020, Plaintiffs moved for an order of civil contempt against Dr. Gerber, representing that he continues to make public statements that Plaintiff Paul L. ("Barney") Hallingby ("Mr. Hallingby") is not the rightful owner of the Ferrari and that Dr. Gerber is thereby clouding Mr. Hallingby's title. The purpose of Mr. Hallingby's declaratory judgment action had been specifically to clear title to the Ferrari.

1

Mr. Hallingby moves for an order of civil contempt and sanctions for Dr. Gerber's continued violation of the Court's order by making public statements that he is the rightful owner of the Ferrari and Mr. Hallingby is not, which he continues to proclaim using an anonymous Icelandic domain website www.stolenferrari.is. (*See* Pl.'s Mem. [Doc. #68-1] at 5-9.) Dr. Gerber's actions are consistent with his earlier pronouncement that he "will not stop to defend [his] ownership of the vehicle in the future." (Reply [Doc. #40] at 3.) The docket reflects that Dr. Gerber was served with Mr. Hallingby's contempt motion and a courtesy copy was sent to his Swiss attorney Oliver Weber. There has been no response from Dr. Gerber or anyone on his behalf since. (Decl. of J. Freiman Regarding Email Service [Doc. # 69] at 1-2.)

A court may exercise its inherent power to hold a party in civil contempt when the movant has established that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Perez v. Danbury Hosp.*, 347 F.3d 419, 423-24 (2d Cir. 2003); *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989).

Mr. Hallingby details the basis for his belief that this anonymous website is Dr. Gerber's, including the website's listing of the "legal owner of the car" to be Dr. Gerber and the "illegitimate possessor" of the car to be Mr. Hallingby and a chronology with hyperlinks to documents, some of which Dr. Gerber filed in this action or are statements of information only Dr. Gerber would know. (*See* Decl. of J. Freiman in Support of Defendant's Motion to Hold Defendant Andreas Gerber in Civil Contempt [Doc. # 68-2].)

Mr. Hallingby demonstrates clearly and convincingly that Dr. Gerber has and continues to violate the Court's injunction prohibiting him from "[m]aking any public statements that Hallingby is not the rightful owner of the Ferrari, making any public statements that Gerber is the rightful owner of the Ferrari, [and] making public statements that Hallingby's title to the Ferrari is in any way clouded by any claim of Gerber that he is the rightful owner of the Ferrari." (Order at 7-8.) This order was abundantly clear and unambiguous.

The third element Mr. Hallingby must show by clear and convincing proof is that Gerber has not diligently attempted to comply with the order in a reasonable manner. Given the significant passage of time since the Court's March 2018 Order, Dr. Gerber's continued maintenance of his website defying the Order that he not publicly continue his ownership claims, and his disparagement of Mr. Hallingby's claims to the Ferrari's ownership, there is no evidence that Dr. Gerber has in any way attempted to comply with the Court's order; quite the opposite.

In sum, based on Mr. Hallingby's unopposed submission in support of the Motion for Contempt, the Court finds Defendant Dr. Andreas Gerber to be in contempt of the Court's injunction order. A hearing on sanctions will be held to determine "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 110 (2d Cir. 1987). This case will be

3

administratively closed without prejudice to any party's right to move to reopen following conclusion of the hearing on sanctions.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 24th day of February 2021